## AFFIDAVIT OF GINA M. GALANTINO IN SUPPORT OF CRIMINAL COMPLAINT

I, Gina M. Galantino, state:

### Introduction and Affiant Background

1. I am a Special Agent with the federal Bureau of Alcohol, Tobacco, Firearms and Explosive ("ATF") and have been so employed since 2020. I am currently assigned to the Boston Field Office. I am a graduate of the Federal Law Enforcement Training Center, where I completed ATF Special Agent Basic Training and the Criminal Investigator Training Program. During the course of my law enforcement career, I have participated in the execution of state and federal search and/or arrest warrants for violations of firearms and controlled substance laws.

2. As a Special Agent for ATF, some of my duties include conducting criminal investigations into cases of illegal possession/transfer of firearms, firearms trafficking, and drug trafficking. Through my training, knowledge, and experience, I have become familiar with the habits, methods, routines, practices, and procedures commonly employed by persons engaged in the illegal use and trafficking of firearms and controlled substances and the unlawful use or possession of firearms. I have been the affiant on affidavits in support of federal search warrants and arrest warrants. I have participated in and performed surveillance and made arrests of firearms and narcotics traffickers who utilize their electronic devices and/or computer equipment to further their illegal activity. During the course of my professional experience, I have interviewed numerous defendants, witnesses, victims, confidential informants, and other police officers regarding the illegal use and trafficking of firearms and controlled substances and the unlawful use or possession of firearms. As a result of my training and experience, and information provided to me by other law enforcement officers, I have an understanding of the various roles played by individuals or

groups involved in the trafficking of controlled substances and firearms. I have interviewed admitted drug traffickers, drug users, informants, cooperating defendants, and local, state, and federal law enforcement officers regarding the manner in which drug traffickers distribute, obtain, finance, store, manufacture, transport, and distribute illegal drugs. As such, I am familiar with the methods, routines, and practices of individuals involved in the use, sale, and trafficking of narcotics, including those involving purchasing, manufacturing, storing, and distributing controlled substances, the collection and laundering of illegal proceeds, and the efforts of persons involved in such activities to avoid detection by law enforcement. I am also familiar with the terminology and slang commonly employed by drug traffickers. I have observed and examined numerous types of controlled substances and I am familiar with the packaging, pricing structure, distribution methods, and street jargon associated with their sale and use. I have also encountered and become familiar with the various tools, methods, trends, and paraphernalia used by drug traffickers and trafficking organizations in their efforts to import, conceal, manufacture, and distribute controlled substances.

3. Based on my training and experience as an ATF Special Agent, I am familiar with federal firearms and controlled substances laws. In this regard, I know that it is a violation of Title 21, United States Code, Section 841(a)(1) to possess with intent to distribute controlled substances. I submit this affidavit in support of an application for a criminal complaint alleging that, on or about April 29, 2020, Theodore GAMBLE-WILLIAMS ("GAMBLE") did possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1). Based on an ongoing investigation, investigators have identified GAMBLE as being a member/associate of the Heath Street Gang. I am further aware that, in or around 2011,

GAMBLE was convicted in the District of Massachusetts of distribution of cocaine in the area of the Mildred C. Hailey Apartments.

4. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other investigators and witnesses. This affidavit is submitted for the limited purpose of establishing probable cause for the issuance of the requested criminal complaint. Accordingly, I have not included each and every fact known to me and other investigators involved in this investigation.

## **PROBABLE CAUSE**

5. On or about August 29, 2020, at approximately 9:19 a.m., a gym bag was turned into to MBTA employees by a male at the JFK/UMass station. The bag was an Adidas bag with the Adidas symbol printed on the side of the bag.

The bag had the following in it:

- A loaded .38 caliber Smith &Wesson revolver.
- A digital scale.
- Unused plastic baggies.
- Approximately $440 in US currency.
- Several plastic baggies holding cocaine – this has been confirmed through laboratory and the total weight was approximately 50 grams of cocaine.
- A plastic bag with approximately 200 grams of what appeared to investigating officers to be marijuana.

Based on my training and experience, the evidence recovered from the bag is consistent with street-level drug distribution. The amounts of controlled substances – the cocaine and the marijuana – are consistent with distribution. I am further aware that digital scales are a common a tool used for weighing drugs for distribution and plastic baggies are used to package drugs for distribution. I am further aware that firearms are a tool of the trade for drug traffickers as they are used to protect the trafficker's person, his/her drugs, and his/her drug proceeds (such as the

$440 recovered from the bag).

6.     MBTA Police investigators recovered security video that showed a black male carrying the Adidas bag enter the MBTA station and sit on a bench on the platform. The video showed that the black male left the bag on the bench when he and a group of people boarded the train. The male who turned in the bag was also recorded picking the bag from the bench after the black male left it there.

7.     MBTA investigators obtained GPS data for GAMBLE (who was wearing a bracelet at that time due to pending state criminal charges). The GPS data placed GAMBLE in the MBTA train station at the time that the bag with the drugs and gun was found and turned over to the MBTA employees. The male who carried the bag into the MBTA station had a physical appearance consistent with GAMBLE.

8.     Security video identified that, at approximately 9:35 a.m., the same black male returned to the station on a train and looked around the area where the bag had been left. At the time that the black male was looking around the platform area where he had left the bag, a MBTA officer arrived on scene. The black male then got back on a train and left the station – consistent with the black male terminating his search for the bag because of the presence of law enforcement.

9.     At approximately 9:57 a.m., two black females (including one subsequently identified as Lea Mclean came to the train station and inquired with MBTA employees about the bag.

10.    On August 31, 2020, as part of their investigation, at approximately 4:27 p.m., MBTA officers were provided information that GAMBLE's GPS placed him at 944 Parker

4

Street – this is a building in the Mildred C. Hailey Apartments.  Officers observed GAMBLE in the parking lot near 944 Parker Street.  GAMBLE was standing next to a black Honda.  Officers observed the Honda leave the housing development while they waited for other units.

11. The black Honda was located approximately one hour later at a market within a half mile of the housing development.  The Honda was stopped.  When officers encountered GAMBLE (who was the passenger), he made furtive moves towards his waist.  Officers recovered a two plastic baggies from GAMBLE's waist area with approximately 2.5 grams of cocaine – these were packages consistent with street drug sales.  GAMBLE also had approximately $2,000 on his person and two cellular phones – based on my training and experience drug traffickers will carry multiple phones to facilitate their business.

12. The driver of the vehicle was Lea Mclean– the same woman who had been looking for the Adidas bag at the train station the day that it was turned into MBTA employees.  She subsequently admitted to officers that she had been instructed by GAMBLE to look for the bag at the MBTA station.

## CONCLUSION

13. Given the above facts, there is probable cause to believe that Theodore GAMBLE-WILLIAMS possessed controlled substances with the intent to distribute them in violation of Title 21, United States Code, Section 841(a)(1).

*Gina Galantino* DLC
Special Agent Gina M. Galantino
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me telephonically in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 on February 9, 2024.

HON. DONALD L. CABELL
CHIEF UNITED STATES MAGISTRATE JUDGE